UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CORY BRADLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-264-JCH |
| AVIANDS FOOD SERVICES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Cory Bradley (registration no. 6738) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the entire filing fee, and therefore the motion will be granted. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will (1) dismiss this action as to defendants Aviands Food Services and City of St. Louis, Division of Corrections, pursuant to 28 U.S.C. § 1915(e)(2)(B); and (2) dismiss all remaining claims, because they are not properly joined in this case under the Federal Rules of Civil Procedure.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner

has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief under 42 U.S.C. § 1983 for a multitude of alleged constitutional violations, ranging from cold food to inadequate medical care to a lack of stamps. Named as defendants in the caption of the complaint are Aviands Food Services ("Aviands") and the City of St. Louis, Division of Corrections ("City of St. Louis"). The gravamen of the complaint concerns plaintiff's allegations relative to the food service at SLCJC. In addition, however, he asserts a host of unrelated claims, including a lack of heat in his cell, the denial of grievance forms and a prison rule book, "medical negligence" following an inmate assault on January 29, 2015, inadequate access to the law library, denial of adequate notary services, the expectation that he wear an arm badge with his name on it, inadequate amounts of

stamps, paper, soap, and other personal items, over-heated and pest-infested cells, and the denial of an "exchange of laundry, sheets, uniforms, towels, etc." The Court notes that plaintiff either has failed to name the parties allegedly responsible for these purported constitutional violations, or he names an individual other than the two defendants listed in the caption of the complaint. The Court will not liberally construe the complaint to include these parties as named defendants in the instant action, because, as set forth below, plaintiff has improperly joined all these claims in this one case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases).

## Discussion

### 1. Permissive Joinder

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

4

The allegations against defendants Aviands and the City of St. Louis concern the food service at SLCJC and do not arise out of the same series of transactions and occurrences as those mentioned in the remainder of the complaint. As a result, joinder of all claims in this one action is improper under Rule 20(a)(2).

Because plaintiff's allegations first address his food service claims against the two named defendants, the Court will review these claims under § 1915 and will dismiss all non-food-service claims, without prejudice. If plaintiff wishes to pursue any of these non-food-service claims, he must file a separate complaint(s) against the appropriate parties, in compliance with the Federal Rules of Civil Procedure.

**2. Section 1915(e)(2)(B) Review – Food Service Claims**

With regard to the food service claims, plaintiff alleges that (1) Aviands "does not provide calorie in-take facts for each individual item being served for each meal as required by the FDA and White House Administration"; (2) defendants have "discriminated against [him] by not replacing [a] meat protein item for the onions he cannot eat because of an allergy"; (3) defendants "serve unsanitary food trays" and plaintiff believes that on one occasion, "it appeared someone had spit on [his] carrots and rice," and on another occasion, he found a hair in his breakfast; (4) Aviands staff "use profane language towards plaintiff and other inmates"; (5) Aviands "deliberately underfeeds inmates"; (6) Aviands

"serves food cold that should be served hot"; (7) Aviands employees do not wear hair nets, beard guards, or gloves; (8) Aviands does not provide "satellite food trays"; (9) "the food cart does not have a heat source"; and (10) Aviands employees do not wear name badges. Plaintiff states that he "fears for his safety and good health from these said infringements."

Having carefully reviewed plaintiff's food service claims, the Court finds that the complaint should be dismissed as legally frivolous. Plaintiff has failed to assert any non-conclusory constitutional claims against either Aviands or the City of St. Louis. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (theory of supervisory liability is inapplicable in § 1983 suits); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Seltzer-Bey v. Delo*,

66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety). Mere negligence does not rise to the level of a constitutional violation, and plaintiff has failed to allege sufficient facts against either of the two defendants to state a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Plaintiff's claim that defendants discriminated against him by not replacing onions with meat protein is also legally frivolous. The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999). In the instant case, plaintiff does not claim that he belongs to a suspect class or has a fundamental right at stake, and his

failure to do so is detrimental to his equal protection claim. Moreover, even if plaintiff's complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). The complaint fails to allege such a claim. Because plaintiff has failed to assert any facts indicating that defendants invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his discrimination claim will be dismissed as legally frivolous.

As additional grounds for dismissing this action, the Court notes that plaintiff lacks standing to assert claims on behalf of other inmates. Moreover, mere words, without more, usually do not invade federally protected rights. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name calling usually are not actionable under § 1983). Last, "[a] corporation acting under color of state law will be held

failure to do so is detrimental to his equal protection claim. Moreover, even if plaintiff's complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). The complaint fails to allege such a claim. Because plaintiff has failed to assert any facts indicating that defendants invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his discrimination claim will be dismissed as legally frivolous.

As additional grounds for dismissing this action, the Court notes that plaintiff lacks standing to assert claims on behalf of other inmates. Moreover, mere words, without more, usually do not invade federally protected rights. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name calling usually are not actionable under § 1983). Last, "[a] corporation acting under color of state law will be held

failure to do so is detrimental to his equal protection claim. Moreover, even if plaintiff's complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). The complaint fails to allege such a claim. Because plaintiff has failed to assert any facts indicating that defendants invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his discrimination claim will be dismissed as legally frivolous.

As additional grounds for dismissing this action, the Court notes that plaintiff lacks standing to assert claims on behalf of other inmates. Moreover, mere words, without more, usually do not invade federally protected rights. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name calling usually are not actionable under § 1983). Last, "[a] corporation acting under color of state law will be held

liable only for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993); s*ee also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (local government body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom). Because plaintiff does not identify any unconstitutional official policies or customs, he has failed to state a claim or cause of action against either defendant in this case.

For these reasons, the Court will dismiss the complaint as legally frivolous and for failure to state a claim upon which relief can be granted as to defendants Aviands and the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that as to plaintiff's food service claims against defendants Aviands and the City of St. Louis, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining non-food-service claims are **DISMISSED** without prejudice, because they are not properly joined in this action. *See* Fed.R.Civ.P. 18(a) and 20(a)(2).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this   26th   day of   February , 2015.


    \s\     Jean C. Hamilton
UNITED STATES DISTRICT JUDGE